IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:08-cr-00048 |
| v. | MEMORANDUM OPINION |
| ALVIN RHODES,<br>*Defendant.* | JUDGE NORMAN K. MOON |

Once again, this matter comes before the Court, this time on a *pro se* motion for reconsideration filed by Alvin Rhodes ("Defendant") (docket no. 33). In his motion, Defendant seeks reconsideration of the Court's November 17, 2011 order denying, for the second time, a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 of the United States Sentencing Guidelines (docket no. 32). Previously, on October 20, 2011, I issued an order denying Defendant's first motion for a sentence reduction (docket no. 29). I found that Defendant was ineligible for a sentence reduction because he was a career offender under § 4B1.1 of the Sentencing Guidelines. On November 17, 2011, I denied a similar motion filed by Defendant for essentially the same reasons, though I elaborated with respect to why his career offender status precluded him from a sentence reduction under § 3582(c)(2).

In the motion presently before me, Defendant has dropped his argument that he was improperly classified as a career offender. Instead, he presents new grounds in support of his contention that the last order issued should be set aside and his sentence reduced. Specifically, Defendant argues that a defendant's career offender status does not bar a sentence reduction

under § 3582(c)(2) if the sentencing court granted an "overrepresentation departure" from the career offender guideline range under § 4A1.3 of the Sentencing Guidelines.[1]

In *United States v. Munn*, 595 F.3d 183 (4th Cir. 2010), the United States Court of Appeals for the Fourth Circuit conducted an exhaustive analysis of this issue in the context of Amendment 706, a prior amendment to the Sentencing Guidelines. At the defendant's original sentencing hearing in that case, the district court adopted the offense level and criminal history category as prescribed by the career offender provision of the Sentencing Guidelines. *Id.* at 185. However, the district court determined that an overrepresentation departure was warranted because the career offender designation resulted in an overstated criminal history category for the defendant. *Id.* Additionally, the district court granted the government's request for a substantial assistance departure pursuant to § 5K1.1 of the Sentencing Guidelines. *Id.* Following the promulgation of Amendment 706, the defendant sought a reduction in his sentence. *Id.* at 186. However, the district court denied his motion, concluding that he was ineligible under § 3582(c)(2) because Amendment 706 did not affect his career offender status and did not lower his guideline range. *Id.* On appeal, the defendant argued that § 3582(c)(2) did, in fact, authorize the district court to reduce his sentence because he was sentenced not on the basis of his career offender range, but rather on the basis of the crack guideline range, which had subsequently been lowered by Amendment 706. *Id.*

Ultimately, the Fourth Circuit agreed. The court noted that § 3582(c)(2) authorizes sentencing courts to modify a defendant's term of imprisonment if it was "based on a sentencing guideline range that has subsequently been lowered by the Sentencing Commission." *Id.* at 187 (quoting 18 U.S.C. § 3582(c)(2)). Thus, had the defendant in *Munn* been sentenced pursuant to

---

[1] "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1).

the career offender provision alone, the district court would have lacked authority to grant his motion for a sentence reduction because Amendment 706 did not reduce the career offender guideline range. *Id.* However, the court found that the defendant's ultimate sentence was not determined by the career offender provision, reasoning that when a sentencing court grants an overrepresentation departure, "the defendant's applicable guideline range is *not* predicated on his career offender designation." *Id.* at 195. Rather, the defendant's sentence in *Munn* was based on the district court's application of the crack guidelines after granting the overrepresentation departure from the career offender guidelines. *Id.* In sum, the *Munn* court held that "a defendant's career offender designation does not bar a § 3582(c)(2) sentence reduction based on Amendment 706 if (1) the sentencing court granted an Overrepresentation Departure from the career offender guideline range, and (2) the court relied on the Crack Guidelines in calculating the extent of the departure." *Id.* at 192.

In his motion, Defendant attempts to avail himself of this holding. He argues that when I granted the government's substantial assistance motion at his sentencing hearing, I effectively granted an overrepresentation departure like the one applied by the district court in *Munn*. In this regard, Defendant is incorrect for the two departure mechanisms are significantly distinct.[2] The application instructions to the Sentencing Guidelines direct a sentencing court to make any overrepresentation departure pursuant to § 4A1.3 *before* calculating the applicable guideline range. *See Munn*, 595 F.3d at 192 ("[T]he Commission most likely intended for the court to grant an Overrepresentation Departure *before* determining the applicable guideline range, as part of its calculation of the criminal history category."). "As a result, the Overrepresentation Departure, under the Application Instructions, is a departure *to*, as opposed to a departure *from*,

---

[2] I also point out that in Section V on the second page of the statement of reasons filed after Defendant's sentencing, the reason for the departure below the advisory guideline range is listed as the defendant's substantial assistance and not § 4A1.3 of the Sentencing Guidelines, the box for which is clearly not marked (docket no. 25).

the applicable guideline range." *Id.* at 193. Conversely, the granting of a motion for substantial assistance pursuant to § 5K1.1 permits the court to depart from the guidelines *after* the guidelines have already been calculated. *Id.* In the instant case, Defendant's guideline range was determined prior to my decision to grant the government's substantial assistance motion and thus before I departed rather dramatically below its low end. Critically, that range was determined not by the crack guidelines, but instead by the career offender provision which sets both Defendant's offense level and criminal history category.

In this case, I did not rely on the crack guidelines in calculating the substantial assistance reduction that I gave Defendant, nor did I "depart to" a guideline range as was the case in *Munn*. Defendant is still subject to the same base offense level under § 4B1.1 of the Sentencing Guidelines, and Amendment 750 does not alter this provision. Consequently, on the basis of his status as a career offender, Defendant is not eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2).

For the reasons stated herein, Defendant's motion for reconsideration (docket no. 33) shall be denied.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the Defendant and all counsel of record.

Entered this  6th  day of December, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE